Joel W. Nomkin (AZ Bar No. 011939)
Christopher D. Thomas (AZ Bar No. 010482)
Austin Yost (AZ Bar No. 034602)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012
Telephone:  (602) 351-8000
jnomkin@perkinscoie.com
cthomas@perkinscoie.com
ayost@perkinscoie.com

David Almeling* (CA Bar No. 235449)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  415-984-8700
Facsimile:  415-984-8701
dalmeling@omm.com

R. Collins Kilgore* (CA Bar No. 295084)
Vanessa Guerrero* (CA Bar No. 329915)
Greg Suhr* (CA Bar No. 328967)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA  90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6400
vguerrero@omm.com
gsuhr@omm.com
*Attorneys for Plaintiffs*

[**Pro hac vice applications forthcoming*]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| B.A.D.J., on her own behalf and on behalf of her minor child, X.B.J.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. <br><br> **MOTION TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER** |

Plaintiff B.A.D.J. ("Plaintiff")[1] requests this Court's leave to proceed under a pseudonym to protect her identity from public disclosure. Plaintiff also moves the Court to order Defendant—which already knows Plaintiff's full name[2]—to maintain the confidentiality of Plaintiff's identity by using only pseudonyms in all of its filings, including all exhibits in which Plaintiff's name appears. Plaintiff will disclose her identity to the Court, if requested.

## INTRODUCTION

As described in the Complaint, Plaintiff and her minor child fled violence in El Salvador to seek asylum in the United States, only to have U.S. Government officials inflict additional, significant trauma on her and her daughter by forcibly separating her from her child after they arrived in the United States. Under the Federal Tort Claims Act ("FTCA"), Plaintiff now seeks compensation from the U.S. Government for the extraordinary harms she endured.

This court regularly grants motions to proceed under pseudonym in FTCA cases arising out of the Trump Administration's family separation policy. *See* Order Granting Motion to Proceed Under Pseudonym, *A.P.F. v. U.S.*, No. 2:20-cv-00065 (Jul. 21, 2020), ECF No. 38; Order Granting Motion to Proceed Under Pseudonym, *A.P.F. v. U.S.*, No. 2:20-cv-00065 (Apr. 16, 2020), ECF No. 27; Order Granting Motion to Proceed Under Pseudonym, *C.M. v. U.S.*, No. 2:19-cv-05217 (Sep. 23, 2019), ECF No. 7.

Allowing Plaintiff to proceed under a pseudonym is necessary to protect her highly sensitive and personal information, including information relating to Plaintiff's mental health and immigration status. Proceeding pseudonymously will also prevent the persons responsible for the violence that Plaintiff fled from

---

[1] Plaintiff B.A.D.J., referred to by the pseudonym "Belinda" in the concurrently filed complaint, brings this action on her own behalf and on behalf of her minor child. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for Plaintiff B.A.D.J. (or "Belinda").

[2] Plaintiff disclosed her full name to the relevant government agencies in her administrative claim filed pursuant to 28 U.S.C. § 2401(b).

learning information about Plaintiff and her family. Because Plaintiff does not seek to withhold her identity from the U.S. Government, granting this motion would cause no prejudice to the Defendant. Plaintiff's need for privacy outweighs the public's interest in knowing her identity. Indeed, the public interest in this case compels granting Plaintiff's motion.

## ARGUMENT

### I. COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS IN THESE CIRCUMSTANCES

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires that a complaint include the names of all parties, federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*") (collecting cases). Courts permit pseudonyms in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068 (citations omitted). In considering whether to allow a plaintiff to proceed anonymously, the court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* The court must also consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Courts across the country regularly allow plaintiffs to proceed anonymously where, as here, the plaintiffs' mental health conditions are a principal issue in the case. *See, e.g., Doe v. Sessions*, No. 18-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation").

Courts also have deemed plaintiffs' immigration status to be sufficiently sensitive and personal in nature to justify use of pseudonyms. *See, e.g., Hispanic Interest Coalition of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazelton*, 620 F.3d 170, 195 (3d Cir. 2010), *cert. granted, judgment vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed") (citation omitted).

Moreover, numerous courts have allowed asylum seekers to proceed anonymously, especially where, again as here, they risk facing violence in their country of origin, as Plaintiff does. *See, e.g., Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *Doe v. Gonzales*, 484 F.3d 445 (7th Cir. 2007); *Doe v. U.S. Immigration & Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Al Otro Lado v. Nielsen*, 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *3-6 (S.D. Cal. Dec. 20, 2017). Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, be kept confidential. *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The Department of Homeland Security has acknowledged the importance of these confidentiality regulations to the future safety of asylum applicants:

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of claimant's family members who may still be residing in the country of origin."

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Citizenship & Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet:*

*Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

This court has granted motions to proceed under pseudonym in two earlier-filed FTCA cases that, like the present case, arose out of the Trump Administration's family separation policy.  *See* Order Granting Motion to Proceed Under Pseudonym, *A.P.F.*, No. 2:20-cv-00065 (Jul. 21, 2020), ECF No. 38; Order Granting Motion to Proceed Under Pseudonym, *A.P.F.*, No. 2:20-cv-00065 (Apr. 16, 2020), ECF No. 27; Order Granting Motion to Proceed Under Pseudonym, *C.M.*, No. 2:19-cv-05217 (Sep. 23, 2019), ECF No. 7.[3]

## II.  THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

### A.  Plaintiff Seeks To Preserve Her Privacy In A Sensitive And Highly Personal Matter

Plaintiff's claims center on the substantial psychological trauma that Plaintiff suffered—and continues to suffer—as a result of the U.S. Government's forcible separation of Plaintiff from her child, refusal to provide information to Plaintiff about her child's whereabouts and well-being, failure to afford adequate opportunities for Plaintiff to communicate with her child during the period of separation, and failure to reunify Plaintiff with her child.[4]  The litigation necessarily will require disclosure of Plaintiff's private mental and physical health information.

Plaintiff has significant interests in the privacy of her mental health information, which risks further traumatizing her if publicly disclosed.  *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to

---

[3] The U.S. Government did not oppose these motions.

[4] Courts regularly grant motions to proceed under pseudonym based on facts alleged in the complaint.  *See, e.g.*, *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014 (D.D.C. Sept. 27, 2018); *Al Otro Lado v. Nielsen*, 17-cv-02366-BAS-KSC, 2017 WL 6541446 (S.D. Cal. Dec. 20, 2017).

recover from her trauma).

Similarly, Plaintiff should also be permitted to proceed under a pseudonym because Plaintiff has applied for, but has not been granted, asylum, and therefore "[she] presently [has] a problematic immigration status that, if disclosed, could dissuade . . . Plaintiff[] from pursuing [her] rights in court." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *2 (citing *Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) (considering the plaintiffs' "problematic immigration status" as undocumented immigrants as a basis to permit the use of pseudonyms in a case challenging local ordinances), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *cert. granted, judgment vacated and remanded on other grounds sub nom. City of Hazleton v. Lozano*, 563 U.S. 1030 (2011)). Numerous courts have allowed asylum applicants, like Plaintiff, to proceed anonymously in recognition of their need for confidentiality. *See, e.g., Holder*, 736 F.3d at 872 n.1; *Gonzales* 484 F.3d at 446; *Al Otro Lado*, 2017 WL 6541446, at *3-6; *A.B.T.*, 2012 WL 2995064, at *6.

Moreover, permitting Plaintiff to proceed under a pseudonym will ensure that her child's identity is protected. Plaintiff's claims are based in part on the trauma suffered by her child as a result of being separated from her mother, and the Complaint details the child's ensuing mental health issues. Revealing Plaintiff's name risks exposing sufficient information to allow members of the public, media, or others to uncover the identity of Plaintiff's child, and would thus undermine the objectives of Rule 5.2(a)(3). *See Doe v. Heritage Acad., Inc.*, No. CV-16-03001-PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).

### B. Defendant Will Not Be Prejudiced if Plaintiff Uses a Pseudonym in Publicly-Filed Documents

Granting Plaintiff's request to proceed under a pseudonym will not prejudice Defendant's "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069.

Defendant will experience no prejudice because it already knows Plaintiff's name. *See Al Otro Lado*, 2017 WL 6541446, at *6. All that Plaintiff seeks in this Motion is permission to use a pseudonym in publicly-filed documents in this case. "Because the Defendant[ ] know[s] the . . . Plaintiff[]'[s] name[], [it has] the information [it] need[s] to defend against" Plaintiff[]'[s] claims. *Id.*; *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity "in order to conduct the necessary discovery, including taking [the plaintiff's] deposition").

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiff to proceed under a pseudonym. *See John Does 1-5 v. McCrory*, No. 1:13CV711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014). "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

### C. The Public Interest Weighs in Favor of Allowing Plaintiff to Challenge Government Action Pseudonymously

In contrast to Plaintiff's heightened interest in confidentiality, the public's interest in knowing the identity of the Plaintiff is minimal. While the issues that Plaintiff raises in this lawsuit are a matter of significant public concern, revealing Plaintiff's identity will add little or nothing to the public's understanding of the lawfulness of the U.S. Government's misconduct at issue in this case. *See Advanced Textile*, 214 F. 3d at 1068-69 ("[P]arty anonymity does not obstruct the

public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

Indeed, courts have observed that there is a public interest in allowing pseudonymous filings where, as here, a plaintiff is challenging the validity of government action. *S. Methodist Univ.*, 599 F.2d at 713;  *EW*, 213 F.R.D. at 111 (holding that when attacking government action a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights").  Accordingly, the public interest weighs in favor of allowing Plaintiff to proceed under a pseudonym.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to proceed in this matter under a pseudonym;
2. Ordering that Defendant shall not publicly disclose the names or personally identifying information of Plaintiff;  and
3. Ordering that all parties shall submit pleadings, briefing and evidence using Plaintiff's pseudonym instead of her real name and other personally identifying information.

Respectfully submitted this 08 day of February 2021.

PERKINS COIE LLP

By /s/ Joel W. Nomkin
   Joel W. Nomkin
   Christopher D. Thomas
   Austin Yost

O'MELVENY & MYERS LLP

By /s/ David Almeling
   David Almeling*
   R. Collins Kilgore*
   Vanessa Guerrero*
   Greg Suhr*
[*Pro hac vice applications forthcoming]